IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ZOLINDA KIRIAKIDIS and JULIAN BABITZ, | ) | |
|---|---|---|
| | ) | |
| | ) | CIVIL ACTION NO. 3:12-188 |
| Plaintiffs, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| BOROUGH OF VINTONDALE and ERIC YACKULICH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.   Introduction**

This civil rights matter returns to the Court on Plaintiffs' first amended complaint after the Court dismissed the original complaint without prejudice. Defendants again move for dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 32). For the reasons that follow, the motion will be granted.

**II.   Jurisdiction and venue**

The Court exercises subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. §§ 1391(b)(2).

**III.   Background**

The Court set forth the factual allegations in this case in its September 26, 2013 decision, *Kiriakdis v. Borough of Vintondale Police Dep't*, CIV.A. 3:12-188, 2013 WL 5414110

(W.D. Pa. Sept. 26, 2013) (ECF No. 27). For purposes of this decision, some facts deserve reiteration and emphasis.

Plaintiffs Zolinda Kiriakidis and Julian Babitz filed this 42 U.S.C. § 1983 suit on August 29, 2012, alleging claims of excessive force, malicious prosecution, and municipal liability. (ECF No. 1). The Court dismissed the action in its entirety for failure to state a claim. Specifically, the Court found that (1) the excessive force claim was time barred; (2) Babitz failed to state a malicious prosecution claim because he did not sufficiently allege that any criminal proceeding ended in his favor; and (3) Plaintiffs failed to sue a proper governmental entity for purposes of § 1983 municipal liability.

Plaintiffs filed an amended complaint against Defendants on October 16, 2013. The factual allegations in the amended complaint are consistent with those in the original complaint, with the exception that Defendant Eric Yackulich ("Officer Yackulich") did not allegedly pull Plaintiff Kiriakidis from her vehicle. The amended complaint now states that, on August 28, 2010, Officer Yackulich "drove up to where Plaintiff Kiriakidis had been stopped, approached her, [and] violently threw her to the ground." (Am. Compl. ¶ 8). This encounter allegedly caused Kiriakidis to suffer "severe injuries," though Kiriakidis does not elaborate on these injuries in the amended complaint. (Id.).

On the morning of August 29, 2010, at about 1:00 a.m., Officer Yackulich transported Kiriakidis to the police barracks where she allegedly underwent "extreme indignities and humiliation." (Id. ¶ 11). According to Kiriakidis, Officer Yackulich kept her handcuffed and falsely accused her of physically attacking him. (Id. ¶ 9). Kiriakidis was then charged with several criminal offenses. (Id.). These allegations form the basis of

Kiriakidis's claims of excessive force, malicious prosecution, and municipal liability found in Counts I and II of the amended complaint.

In Count III of the amended complaint, Plaintiff Babitz also brings a malicious prosecution claim. Babitz avers that he saw Officer Yackulich commit the "physically violent acts" against Kiriakidis. (Am. Compl. ¶ 20). Officer Yackulich apparently yelled obscenities at Babitz and later charged him with several criminal offenses. (*Id.* ¶ 22). At a non-jury trial, a judge purportedly reduced these charges to "one minor summary offense" of disorderly conduct, for which Babitz paid a $100 fine. (*Id.* ¶ 23).

Defendants now move to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**IV.    Standard of review**

In determining the sufficiency of a complaint on a Rule 12(b)(6) challenge, the court must conduct a two-part analysis. First, the court must separate the factual allegations from the legal conclusions asserted. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must decide whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 211 (quotation omitted). The complaint need not include detailed factual allegations. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). As well, the court must accept as true the factual allegations and construe them in the light most favorable to the plaintiff. *Id.* at 233. Nevertheless, "[t]hreadbare recitals of the elements of a cause of action" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the factual allegations must be "enough

to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In determining whether a claim is plausible, the court must ultimately "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (quotation omitted). If the complaint is vulnerable to dismissal under Rule 12(b)(6), the court must permit leave to amend unless it would be inequitable or futile. *See Phillips*, 515 F.3d at 236; *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

## V. Discussion

In determining whether Plaintiffs have failed to state a claim upon which relief can be granted, the Court considers each of the three counts in the amended complaint. As stated above, Kiriakidis alleges claims of excessive force, malicious prosecution, and municipal liability. Babitz alleges a claim of malicious prosecution. Plaintiffs name the Borough of Vintondale and Officer Yackulich as the sole defendants in all three counts.[1]

### A. Excessive use of force (Count I)

The Court previously determined that Kiriakidis's excessive force claim was time barred. The statute of limitations is two years. *LeBlanc v. Snavely*, 453 F. App'x 140, 142

---

[1] Plaintiffs sue Officer Yackulich both in an individual and official capacity. For the reasons stated in this decision, Plaintiffs have not asserted any actionable claims. To this end, Officer Yackulich is entitled to qualified immunity and is protected from suit in his individual capacity. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("[W]hether the facts alleged show the officer's conduct violated a constitutional right . . . *must* be the initial inquiry in every qualified immunity case.") (internal quotations omitted and emphasis in original).

(3d Cir. 2011) (applying Pennsylvania's two-year statute of limitations for personal injury actions). In the context of an excessive force claim, the limitations period begins to run when the plaintiff knew or should have known of the injury in question. *Large v. Cnty. of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009) (citation omitted); *accord LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011). Put another way, a claim of excessive force begins to accrue on the date of the alleged incident of excessive force.

Kiriakidis avers in the amended complaint that Officer Yackulich conducted a vehicle stop on August 28, 2010. All of the purported acts of excessive force occurred on that date—i.e., Kiriakidis claims that Officer Yackulich forcefully threw her to the ground and then against a building, causing her injuries. (Am. Compl. ¶ 8). On the face of the amended complaint, therefore, Kiriakidis knew of her claim on August 28, 2010. Because Kiriakidis filed this suit on August 29, 2012—two years and one day after the alleged incident—the Court finds that this claim is time barred.

The Court previously granted Kiriakidis an opportunity to amend her complaint to cure this timeliness deficiency. Given that the claim appeared untimely by one day, the Court instructed Kiriakidis to "specify the relevant times, dates, and facts supporting the allegations [of excessive force]." (ECF No. 27 at 8). The amended complaint recites the same vague allegations found in the original complaint. Kiriakidis does not aver any additional facts—nor does she cite any legal authority—to support her position that the accrual date began to run on August 29, 2010. Accordingly, this claim will be dismissed with prejudice because amendment would be futile.

5

### B. Malicious prosecution of Plaintiff Kiriakidis (Count II)

In Count II of the amended complaint, Kiriakidis asserts a new claim for malicious prosecution. Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Kiriakidis never sought the court's leave to assert this claim. Regardless of this procedural defect, Count II must be dismissed for failure to state a claim.

To establish a prima facie claim for malicious prosecution, a plaintiff must show that

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2012). Relevant here, to establish the second element, the criminal proceeding must have been "disposed of in a way that indicates the innocence of the accused." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009).

In this case, Kiriakidis avers that Officer Yackulich brought "serious criminal charges" against her. (Am. Compl. ¶ 16). Although Kiriakidis does not elaborate on these charges, she claims that she was acquitted of "all charges" on February 27, 2012. (*Id.*). As "Exhibit 1" of their motion to dismiss, Defendants attach the relevant criminal docket sheet, showing that, on February 27, 2012, Kiriakidis was found guilty of disorderly conduct and failing to drive within a single lane of traffic. (ECF No. 32-1). In responding

to the instant motion to dismiss, Kiriakidis acknowledges that she was found guilty of these charges. (ECF No. 34 at 6).

The Court will dismiss this claim with prejudice because Kiriakidis has not averred sufficient facts to show that a criminal proceeding ended in her favor. In finding that amendment would be futile, the Court relies on the relevant criminal docket sheet[2] and on Kiriakidis's acknowledgement that she was found guilty of disorderly conduct and failing to drive within a single lane of traffic.

    C.    **Malicious prosecution of Plaintiff Babitz (Count III)**

The Court previously dismissed Babitz's malicious prosecution claim because the original complaint was "devoid of any facts [] establishing (1) the crimes for which Babitz was charged or (2) that such charges were terminated in [his] favor." (ECF No. 27 at 12). In Count III of the amended complaint, Babitz now asserts that officials charged him with "several serious misdemeanors." (Am. Compl. ¶ 23). He further avers that, on February 15, 2012, a judge reduced these charges to "one minor summary offense" of disorderly conduct, which resulted in a $100 fine. (*Id.*).

As "Exhibit 2" of the instant motion to dismiss, Defendants attach the pertinent criminal docket sheet. The docket sheet reveals that, on August 28, 2010, Babitz was charged with seven counts of disorderly conduct. (ECF No. 32-2). The docket sheet also

---

[2] Reliance on the criminal docket sheet is appropriate because it is integral to the complaint. *See U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002); *In re MobileMedia Sec. Litig.*, 28 F. Supp. 2d 901, 922 (D.N.J. 1998) (finding that, in ruling on a motion to dismiss, a district court "may properly refer to . . . matters of public record if the claims of the plaintiff are based upon those documents.") (citations omitted).

7

reveals that, on February 15, 2012, Babitz was found guilty of two counts of disorderly conduct. (*Id.*).

Because Babitz has not established that a criminal proceeding ended in his favor, the Court will dismiss this claim. This claim will be dismissed with prejudice because any proposed amendment would not cure the deficiency. In making this finding, the Court again relies on the relevant criminal docket sheet and on Babitz's acknowledgement that he was found guilty of disorderly conduct. (ECF No. 35 at 7).

### D. Municipal liability against the Borough of Vintondale

The final cause of action in the amended complaint is a claim for municipal liability against the Borough of Vintondale. The Court dismissed this claim in the original complaint because Plaintiffs did not sue a proper governmental entity for purposes of § 1983 municipal liability. That is, Plaintiffs sued the Vintondale Police Department, which is not a "person" under the § 1983 statute. (ECF No. 27 at 13). In dismissing this claim, the Court permitted Plaintiffs to file an amended complaint against the Borough of Vintondale, a proper governmental entity for § 1983 purposes.

Plaintiffs now reassert a municipal liability claim in Count I of the amended complaint. Although Kiriakidis is named as the sole plaintiff in Count I, the Court interprets the amended complaint as raising a municipal liability claim on behalf of both Kiriakidis and Babitz:

> Plaintiffs bring this action against the Borough of Vintondale because the Borough followed a custom or policy in failing properly to train Defendant Yackulich; in failing [] to control Defendant Yachulich's behavior . . . and in

the above respects, in failing to protect the citizens of Vintondale and others from the malicious and abusive conduct of Defendant Yackulich . . .

(Am. Compl. ¶ 4).

To recover under a municipal liability theory—also known as a *Monell* claim—a plaintiff must show that "the municipality *itself* cause[d] the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). In other words, plaintiffs must establish a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id*. In the context of a "failure to train" theory, a plaintiff must show that

> 1) the failure to train amounted to a deliberate indifference to the rights of persons with whom the police come in contact; and 2) the municipality's policy actually caused a constitutional injury.

*Carroll v. Borough of State Coll.*, 854 F. Supp. 1184, 1195 (M.D. Pa. 1994), *aff'd*, 47 F.3d 1160 (3d Cir. 1995) (citing *City of Canton, Ohio*, 489 U.S. at 389–90)). A plaintiff must prove these same elements—i.e, deliberate indifference and causation—to establish liability against a municipality for failure to supervise or discipline its police officers. *Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 546 (D.N.J. 2013) (collecting cases).

Here, the alleged municipal liability claim fails because Plaintiffs cannot establish causation between a constitutional injury and the Borough of Vintondale's alleged failure to train, supervise, and discipline its employees. *See Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) ("To establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the municipality's custom and the specific deprivation of constitutional rights at issue.") (citations omitted). As previously stated in

this decision, Plaintiffs cannot assert actionable claims of excessive force or malicious prosecution. Thus, the Court will dismiss this claim with prejudice because Plaintiffs have not established a constitutional injury.

**VI.    Conclusion**

Plaintiffs have failed to state a claim upon which relief can be granted. Counts I, II, and III of the amended complaint will be dismissed with prejudice because permitting further leave to amend would be futile under the circumstances.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZOLINDA KIRIAKIDIS and JULIAN BABITZ, | ) ) ) | CIVIL ACTION NO. 3:12-188 |
| Plaintiffs, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| BOROUGH OF VINTONDALE and ERIC YACKULICH, | ) ) ) | |
| Defendants. | ) | |

## ORDER

NOW, this 6th day of May, 2014, for the reasons stated in the accompanying memorandum opinion, IT IS HEREBY ORDERED that

1. Defendants' motion to dismiss the amended complaint for failure to state a claim (ECF No. 32) is GRANTED;

2. Plaintiffs' amended complaint (ECF No. 30), in its entirety, is DISMISSED with prejudice; and

3. The Clerk of Court shall mark this case closed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE